IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

ELMO AUGUSTUS REID, #1061671,
    Plaintiff,

v.            CASE NO. 7:16cv00547

HAROLD CLARKE, *et al.*,
    Defendants.

## ANSWER

COME NOW Defendants Dr. Mark Amonette, Bernard W. Booker, and Pamela Shipp, R.N, by counsel, and state as follow their Answer to the Plaintiff's Complaint.

### FIRST DEFENSE

Defendants deny that the present action is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

### SECOND DEFENSE

Defendants deny that the Plaintiff has been denied any rights protected by the United States Constitution or any portion of the United States Code.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Defendants deny that the Plaintiff has suffered any cognizable injuries or damages as a result of any act or acts on the part of Defendants and demand strict proof thereof.

## FIFTH DEFENSE

Defendants allege and aver that, to the extent the Plaintiff has suffered any injuries or damages, such injuries or damages were due to an act or acts by the Plaintiff, or on the part of others not under the control of Defendants, and for whose conduct they are in no way responsible.

## SIXTH DEFENSE

Defendants deny that the Plaintiff has suffered the injuries and damages alleged and call for strict proof thereof.

## SEVENTH DEFENSE

Defendants deny that they are indebted to or liable to the Plaintiff in any sum whatsoever.

## EIGHTH DEFENSE

Defendants are immune from suit on this claim based upon the Eleventh Amendment and the discharge of their official duties.

## NINTH DEFENSE

Defendants are entitled to good faith or qualified immunity.

## TENTH DEFENSE

To the extent that this claim alleges negligence on the part of Defendants, the claim is barred in this Court by the Eleventh Amendment.

## ELEVENTH DEFENSE

To the extent Plaintiff failed to claim any direct involvement on the part of Defendants in any of the acts or omissions complained of, such claim must fail since *respondeat superior* is not available in an action under 42 U.S.C § 1983.

## TWELFTH DEFENSE

The Plaintiff failed to exhaust, either in whole or in part, his administrative remedies, as required by 42 U.S.C. § 1997e.

## THIRTEENTH DEFENSE

The Complaint is barred, either in whole or in part, by the applicable statute of limitations.

## FOURTEENTH DEFENSE

As to the specific factual allegations set forth in the Complaint, the Defendants state as follows:

1. At all pertinent times herein, Plaintiff was an inmate incarcerated with the Virginia Department of Corrections ("VDOC") who was housed at Buckingham Correctional Center ("BUCC").

2. At all pertinent times herein, Defendants were employed by the Virginia Department of Corrections ("VDOC").

3. Defendants further deny each and every allegation not expressly admitted herein.

## **ANSWER**

1. Defendants deny the allegations in Paragraph 1 of the Complaint and demand strict proof thereof.

2. Defendants admit the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that at all pertinent times herein, Defendant Booker was the Warden at BUCC.

7. Defendants admit that at all pertinent times herein, Defendant Shipp was the Health Authority at BUCC.

8. To the extent that the allegations in Paragraph 8 of the Complaint call for a legal conclusion no response is required. To the extent a response is required; Defendants deny the allegations and demand strict proof thereof.

9. Defendants deny the allegations in Paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants deny the allegations in Paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants deny the allegations in Paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the allegations in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendants deny the allegations in Paragraph 13 of the Complaint and demand strict proof thereof.

14. Defendants deny the allegations in Paragraph 14 of the Complaint and demand strict proof thereof.

15. Defendants deny the allegations in Paragraph 15 of the Complaint and demand strict proof thereof.

16. Defendants deny the allegations in Paragraph 16 of the Complaint and demand strict proof thereof.

17. Defendants deny the allegations in Paragraph 17 of the Complaint and demand strict proof thereof.

18. Defendants deny the allegations in Paragraph 18 of the Complaint and demand strict proof thereof.

21. (Paragraphs 19-20 were omitted from Plaintiff's Complaint; there are three consecutive paragraphs listed as Paragraph 21) To the extent that the allegations in Paragraph 21 of the Complaint call for a legal conclusion no response is required. To the extent a response is required; Defendants deny the allegations and demand strict proof thereof.

21. Defendants deny the allegations in Paragraph 21 of the Complaint and demand strict proof thereof.

21. Defendants deny the allegations in Paragraph 21 of the Complaint and demand strict proof thereof.

22. Defendants deny the allegations in Paragraph 22 of the Complaint and demand strict proof thereof.

23. Defendants deny the allegations in Paragraph 23 of the Complaint and demand strict proof thereof.

24. To the extent that the allegations in Paragraph 24 of the Complaint call for a legal conclusion no response is required. To the extent a response is required; Defendants deny the allegations and demand strict proof thereof.

25. The remaining paragraphs of the Complaint constitute a prayer for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff has suffered the injuries and/or damages alleged and further deny that there should be any injunctive relief, fees, or any other relief awarded against Defendants.

26. Defendants deny each and every allegation not expressly admitted herein or inconsistent with the answers stated herein.

27. Defendants deny that Plaintiff is entitled to the relief requested.

Defendants will rely on any and all other properly available defenses to the Complaint which may arise from the Plaintiff's prosecution of this action and reserve the right to amend this Answer if at any time they should be so advised.

Respectfully Submitted,

DR. MARK AMONETTE, BERNARD W.
BOOKER, and PAMELA SHIPP, R.N.

By: s/ Jessica Berdichevsky
Jessica Berdichevsky, AAG, VSB #80015
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Phone: (804) 371-4482
Fax: (804) 786-4239
Email: jberdichevsky@oag.state.va.us

## CERFIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2017, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participants: George Rutherglen, gar3h@virginia.edu, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: N/A.

By: s/ Jessica Berdichevsky
Jessica Berdichevsky, AAG, VSB #80015
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Phone: (804) 371-4482
Fax: (804) 786-4239
Email: jberdichevsky@oag.state.va.us