IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| ELMO AUGUSTUS REID, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 7:16-cv-547 |
| ) | |
| MARK AMONETTE, *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE OPINION AND TESTIMONY OF
DEFENDANTS' EXPERT WITNESSES DRS. ZAWITZ, KENDIG AND MORRISON**

Plaintiff, Elmo Reid ("Reid"), through counsel, comes before the Court and files his Memorandum in Support of Motion to Exclude Opinion and Testimony of Defendants' Expert Witnesses Drs. Zawitz, Kendig and Morrison. Reid respectfully requests that this Court grant the Motion to Exclude. In support thereof, Reid states as follows:

### BACKGROUND

Reid's Second Amended Complaint alleges violations of the Eighth and Fourteenth Amendments through deliberate indifference to a serious medical condition, under 42 U.S.C. §1983. Specifically, Defendants have refused to treat Reid for his Hepatitis C infection, despite the availability of new medications which can cure Hepatitis C in most cases. Reid has alleged that he was diagnosed with Hepatitis C and cirrhosis, that he has repeatedly requested treatment for Hepatitis C, that he has alerted Defendants to fatigue and weakness resulting from his Hepatitis C, and that the VDOC guidelines contain exclusions which categorically exclude inmates from receiving treatment unless they suffer from advanced liver disease. Reid seeks declaratory and injunctive relief, attorney's fees and costs.

Defendants have presented expert reports from three experts: Drs. Zawitz, Kendig, and Morrison. *See* **Exhibits 1**, **2**, and **3** Expert Reports. The reports are cumulative. The experts have improperly identified the VDOC guidelines as those which prioritize treatment for the sickest inmates, rather than guidelines which exclude inmates from treatment. Zawitz and Kendig state that cost is a factor in treating inmates with Hepatitis C, and that cost is a reasonable basis for Defendants refusing to treat Reid. However, Defendants have repeatedly stated in deposition testimony and before this Court in another proceeding, that cost is not a factor in VDOC Hepatitis C treatment decisions. *Riggleman v. Clarke*, Case No. 5:17-cv-00063, ECF 73, Minute Entry for Proceedings held before Sr. Judge Norman K. Moon on 5/21/18 re: Motion for Preliminary Injunction (ECF 22); *see also* **Exhibit 4**, August 3, 2017, 30(b)(6) (Herrick) Deposition, p. 47:16-20; **Exhibit 5**, Deposition of Stephen Herrick, p. 14:25-15:1-7; **Exhibit 6**, Deposition of Mark Amonette, p. 46:6-9, 104:15-19, 128:9-15, 139:9-11. Also, Zawitz and Kendig improperly opine on and apply a "correctional standard of care," and inaccurately state that the VDOC guidelines follow the Federal Bureau of Prisons guidelines. Zawitz has based his opinions on improper assumptions and facts and has reached conclusions that are unreliable and not based on a reasonable degree of medical certainty.

Accordingly, Reid respectfully requests that this Court exclude the testimony and opinions of Defendants' expert witnesses because they are cumulative, lacking a reliable foundation, and speculative.

**ARGUMENT**

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

F.R.E. 702.

The trial court acts as a gatekeeper with respect to expert testimony, properly admitting only such testimony as would help the finder of fact understand the evidence or determine a fact at issue. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 591-93 (1993). The court must ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *Id.* at 597. Expert testimony is admissible if it concerns (1) scientific, technical, or other specialized knowledge that (2) will aid the trier of fact to understand or resolve a fact at issue. *Daubert*, 509 U.S. at 592. *See also* F.R.E. 702; *Bethea v. CSX Transportation*, 2013 WL 5468301 (D.S.C. 2013). The proponent of the expert bears the burden of demonstrating that the expert's testimony would satisfy the *Daubert* standards. *Lewis v. CITGO Petroleum Corporation*, 561 F.3d 698 (7th Cir. 2009), *citing* F.R.E. 702, Advisory Committee Notes (2000 amendments).

Generally, expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the finder of fact as to the applicable law or the role of the factfinder in applying the law to the facts before it. *Id., citing United States v. Chapman*, 209 Fed. App'x 253, 2006 WL 3539146 (4th Cir. 2006). An expert may not opine as to the credibility of witnesses, as it is the factfinder's job to decide issues of credibility and to determine the weight that should be accorded evidence. *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003). Courts have noted that expert

3

testimony may be assigned extra significance in the eyes of lay jurors, and, therefore, courts must take care to weigh the value of such evidence against its potential to mislead or confuse. *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004).

If an expert utterly fails to consider alternative causes or fails to explain why the proffered alternative cause was not the sole cause, a district court is justified in excluding the expert's testimony. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 202 (4th Cir. 2001). It is the court's duty to ensure that the expert employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). In *Cooper*, the expert failed to consider alternative causes, failed to conduct a physical examination, and did not speak with the treating physicians. Consequently, the Fourth Circuit concluded that the district court properly exercised its discretion in excluding the expert's testimony.

## I. Defendants' Expert Opinions Should Be Excluded Because They Lack A Sufficient And Reliable Foundation And Are Not The Product Of A Reliable Application Of Principles And Methods To The Facts Of This Case

The expert opinions of Zawitz, Kendig and Morrison are based in part on the faulty factual premise that the VDOC guidelines prioritize treating the sickest individuals. Prioritization suggests that all will receive treatment, but some may have to wait longer than others. The VDOC guidelines do not prioritize treatment; they exclude inmates from treatment until they achieve more advanced liver disease and for non-medical reasons.[1]  Accordingly, the

---

[1] See **Exhibit 7**, June 2015 Guideline exclusion criteria p. 3, **Exhibit 8**, June 2016 Guideline exclusion criteria p. 4, **Exhibit 9**, June 2017 Guideline exclusion criteria p. 5, and **Exhibit 10**, May 2018 Guideline exclusion criteria p. 5-6.  Other interim guidelines falling within the 2015-2018 period included the substantially same exclusion criteria noted in the Guidelines attached hereto as exhibits.

4

expert opinions drawn regarding the sufficiency of the Guidelines are based on incorrect facts or data and are not the product of reliable principles and methods. They must be excluded.

Zawitz and Kendig rely upon a "correctional standard of care" to justify their opinions that the Defendants did not violate the standard of care. Zawitz states that the standard of care in correctional settings is whether the decision to treat versus temporarily deferring treatment is considered reasonable. Kendig states the question as whether the guidelines are consistent with the correctional standard of healthcare for management of inmates with chronic HCV infection. Both are incorrect, however, as the standard of care should not be different in a correctional setting. *See, e.g., Maley v. Corizon Health, Inc.*, 2018 U.S. Dist. LEXIS 21344 (S.D. Ga. 2018); *Abu-Jamal v. Wetzel,* 2017 U.S. Dist. LEXIS 368 (M.D. Pa. January 3, 2017); *Anderson v. Columbia Co.,* 2014 U.S. Dist. LEXIS 182827 (S.D. Ga. 2014); *Thornhill v. Aylor*, 2017 U.S. Dist. 173790 (W.D. Va. October 17, 2017) (court does not find correctional setting significant), citing *McDowell v. Brown*, 392 F.3d 1283, 1296 (11th Cir. 2004) (the standard of care applicable to nurses is universal and does not diminish when the setting is a jail rather than a hospital). The experts' use of a "correctional standard of care" is not the product of reliable principles and methods, and therefore, renders their opinions unreliable.[2]

Zawitz and Kendig equate the VDOC Guidelines to the Federal Bureau of Prisons Guidelines, but they are not the same. *See* **Exhibit 11**, FBOP Clinical Guidance 2018. *See also* **Exhibits 7**, p. 1 and **8**, p. 1, showing VDOC departure from FBOP Guidance. The Federal

---

[2] Even if Zawitz's framing and application of a "correctional standard of care" were reliable, the VDOC Guidelines and treatment of Reid would still fall below Zawitz's standard. Reid has not been temporarily deferred treatment. He has been excluded from receiving treatment and will not receive treatment until his liver disease advances to a more severe stage.

5

Bureau of Prisons Guidelines prioritize individuals for treatment; the VDOC Guidelines exclude individuals from treatment. Because the expert opinions are based on the faulty premise that the VDOC Guidelines are equivalent to the FBOP Guidelines, the opinions are unreliable and should be excluded.[3]

The doctors also opine that the cost of the treatment is a factor that must be considered when determining the constitutionality of the standard of care, and that cost can be a legitimate basis for prioritizing or deferring treatment. The doctors, in part, legitimize the exclusionary VDOC Guidelines and treatment decisions because of the cost of treatment. Reid does not concede that cost is a legitimate basis for deferring or denying treatment. In fact, cost is not an appropriate basis for denying treatment. *Hoffer, et al. v. Jones*, 2017 U.S. Dist. LEXIS 194544 (ND Fla. 2017). Regardless, Defendants have repeatedly denied that cost factored into the development of the VDOC Guideline or the treatment decisions. *See Riggleman*, *supra*, and **Exhibits** 4, 5, and 6. Accordingly, the experts relied on faulty or insufficient facts in forming their opinions, so the opinions should be excluded.

Additionally, Zawitz has offered the following opinions for which he has not provided a sufficient factual basis:

- Reid does not have cirrhosis.

---

[3] The FBOP Guidance does not apply to Reid, and, thus it is not relevant to this litigation. Regardless, he makes no concessions as to the whether the FBOP Guidance is constitutional or in keeping with the prevailing standard of care. To the extent Defendants' experts rely on the FBOP Guidance as a constitutional and appropriate standard, their opinions are conclusory. They have provided no factual basis for the opinions, so the opinions cannot be tested and therefore must be excluded.

6

- Fatigue is a symptom of advanced liver disease, but there is no documentation of Reid exhibiting any of the more common signs/symptoms of cirrhosis.
- It is reasonable to presume Reid got HCV prior to entry in 1988, unless he engaged in risky behavior once incarcerated.
- By 2013, he was more than likely chronically infected for over 25 years.
- It is reasonable to consider his liver likely may never progress to a higher degree of fibrosis.
- Reid may never be at risk.

Zawitz has not examined Reid and his conclusions are not based on documented facts, but speculation. He has "presumed" that Reid got the disease before 1988, but points to no factual support for his presumption. From this factually faulty presumption, he opines insufficiently that it is "more than likely" that Reid has been chronically infected for over 25 years. From his faulty presumption and opinion, he improperly concludes that it is "reasonable" to consider Reid's liver likely may never progress to a higher degree of fibrosis and Reid may never be at risk. This is nothing more than a chain of conjecture and exactly the kind of testimony that should be excluded because of its tendency to mislead the finder of fact.

In direct contradiction to the medical records produced in the case, Zawitz opines that Reid never did and does not now have cirrhosis. His opinion is based on a theory that the test used to diagnose cirrhosis produced a false result that was not properly challenged by the medical personnel. There is no factual basis for this opinion—it is purely hypothetical. Zawitz states that Reid has not shown any symptoms of HCV, which directly contradicts the facts

7

developed in the record that Reid has suffered from fatigue, abdominal pain and discomfort, and was treated with the old method of interferon/ribavirin in 2014 and failed the treatment.

Based on his presumptions, unsupported conclusions, and speculation in direct contradiction to facts in the record, Zawitz concludes that Reid falls into a subset with stable, non-progressive disease, so he is not at risk of disease progression or complication due to treatment deferral. This conclusion is not based on a reliable application of principles and methods to the facts of the case, foundation, and therefore should be excluded. Moreover, treatment for Reid has not been "deferred" as indicated by Zawitz; Reid has been excluded from receiving treatment.

## II. The Opinions are Cumulative; Two Should Be Excluded

Federal Rule of Evidence 403 allows a court to exclude relevant evidence because it is cumulative. Rule 702 allows experts to testify only if it will assist the trier of fact to understand the evidence or determine a fact in issue. The three opinions offered by Defendants are cumulative. Allowing all three experts to testify will not assist the trier of fact. In the event the Court concludes that the experts may testify according to the opinions challenged herein, Defendants should only be permitted to call one of the experts.

## CONCLUSION

For the foregoing reasons, Reid respectfully requests that this Court grant the Motion to Exclude Expert Witness Testimony and Opinion of Drs. Zawitz, Kendig and Morrison.

Respectfully submitted,

ELMO AUGUSTUS REID

By: /s/ Monica L. Mroz

8

George Rutherglen (VSB # 18938)
gar3h@virginia.edu
University of Virginia, School of Law
580 Massie Road
Charlottesville, Virginia 22903-1789
(434) 924 7015 (Telephone)
(424) 924 7536 (Facsimile)

John P. Fishwick, Jr. (VSB #23285)
john.fishwick@fishwickandassociates.com
Monica L. Mroz (VSB #65766)
monica.mroz@fishwickandassociates.com
Laura Wagner (VSB #31515)
laura.wagner@fishwickandassociates.com
Fishwick & Associates PLC
101 South Jefferson Street, Suite 500
Roanoke, VA   24011
(540) 345-5890 (Telephone)

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Monica L. Mroz, do hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By:   /s/ Monica L. Mroz

Monica L. Mroz (VSB #65766)
monica.mroz@fishwickandassociates.com
Fishwick & Associates PLC
101 South Jefferson Street, Suite 500
Roanoke, VA   24011
(540) 345-5890 (Telephone)

*Counsel for Elmo Augustus Reid*